UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 22-cv-1951-KK-SHKx** | Date: | August 28, 2024 |
| Title: | *Rosario Santillan, et al. v. American Honda Motor Co., Inc., et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction**

     Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  The Court has an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The party invoking jurisdiction has the burden of establishing jurisdiction.  Kokkonen, 511 U.S. at 377.

     Claims filed under the Magnuson-Moss Warranty Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit."  15 U.S.C. § 2310(d)(3)(B); Khachatryan v. BMW of N. Am., LLC, Case No. 2:21-cv-01290-PA-PDx, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).  If Plaintiff fails to establish this jurisdictional requirement, there are no other claims to form the basis for supplemental jurisdiction to retain the remaining state law claims.  Kelly v. Fleetwood Enterprises, Inc., 377 F.3d 1034, 1040 (9th Cir. 2004) (holding "because [plaintiff] failed to satisfy the Magnuson–Moss Act's $50,000 jurisdictional prerequisite, there were no claims in the action within [its] original jurisdiction to form the basis for supplemental jurisdiction") (internal quotation marks omitted)).

     "Where a party contests or the court questions another party's allegations concerning the amount in controversy, both sides shall submit proof and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence."  Ford v. Hyundai Motor Am., No. 8:20-CV-00890-FLA-ADSx, 2023 WL 9894464, at *1 (C.D. Cal.

Aug. 30, 2023) (citing <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 574 U.S. 81, 88-89 (2014)).

The Court has reviewed the Complaint and cannot conclude it has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a).  Accordingly, the parties are **ORDERED TO SHOW CAUSE**, in writing, no later than **September 3, 2024**, why this action should not be dismissed for lack of subject matter jurisdiction.  To the extent possible, the parties shall submit evidence and/or judicially noticeable facts in response to the Court's Order.

**IT IS SO ORDERED.**