UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-cv-1951-KK-SHKx** | Date: | September 4, 2024 |
|---|---|---|---|
| Title: | *Rosario Santillan, et al. v. American Honda Motor Co., Inc., et al.* | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DISMISSING for Lack of Subject-Matter Jurisdiction**

## I.
## BACKGROUND

On November 3, 2022, plaintiffs Rosario Santillan and Miguel Santillan Gonzalez ("Plaintiffs") filed a Complaint raising claims for violations of the Magnuson-Moss Warranty Act and California's Song-Beverly Consumer Warranty Act ("Song-Beverly") arising from Plaintiffs' purchase of a 2018 Honda Pilot ("Vehicle") from defendant American Honda Motor Company, Inc. ("Defendant").  ECF Docket No. ("Dkt.") 1.  Plaintiffs asserted the Court has jurisdiction pursuant to 28 U.S.C. § 1331 "because this action alleges claims under the Magnuson-Moss Warranty Act," and Plaintiffs' claim "exceeds the amount in controversy of $50,000 pursuant to 15 U.S.C. § 2310(d)(3)(B)."  Id. at 2.

On July 19, 2024, Plaintiffs and Defendant filed motions in limine to exclude certain testimony and evidence.  Dkts. 53, 54, 55, 59, 60.  On August 23, 2024, the Court issued its Order granting in part and denying in part the parties' motions in limine.  Dkt. 91.  Relevant here, the Court excluded consequential or incidental damages incurred before August 6, 2021, and any payments for service contracts, such as Express Systems, Portfolio, and a GAP contract.  Id. at 3-4.

On August 28, 2024, the Court issued an Order to Show Cause why the action should not be dismissed for lack of subject-matter jurisdiction for failure to meet the $50,000 amount in controversy requirement under the Magnuson-Moss Act.  Dkt. 97.

On September 3, 2024, the parties filed their Responses. Dkts. 98, 99. Both parties agree the total sales price paid for the Vehicle, assuming Plaintiffs made all payments under the Purchase Agreement, is $46,998.56. Dkt. 98 at 7; dkt. 99 at 4. Additionally, both parties agree that excluding the nonmanufactured items installed by the dealer pursuant to the Court's Motions in Limine Order, dkt. 91, the total amount paid is reduced by $3,297, totaling $43,701.56. Dkt. 98 at 7; dkt. 99 at 4. Plaintiffs argue they are additionally entitled to incidental and consequential damages "totaling at least $6,576.06[,]" bringing the amount in controversy to $50,277.62.[1] Dkt. 98 at 8-9.

In addition, both parties agree that <u>if</u> the mileage offset is applied, the amount in controversy would be reduced by approximately $11,000.[2] Dkt. 98 at 10; Dkt. 99 at 6. Plaintiffs argue, however, the mileage offset should not be considered because Defendant has the burden of proving the mileage offset at trial. Dkt. 98 at 9-10. Thus, Plaintiffs assert that excluding the mileage offset and "including the potential incidental and consequential damage recovery, Plaintiffs' statutory restitution should exceed the required amount in controversy" – specifically, $50,277.62. Dkt. 98 at 10. Defendant argues the case must be dismissed because the amount in controversy – which includes the total purchase price without incidental and consequential damages and with the mileage offset – totals only $31,976.68. Dkt. 99 at 6.

## II.
## LEGAL STANDARD

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party invoking jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence. <u>McNutt v. Gen. Motors Acceptance Corp. of Ind.</u>, 298 U.S. 178, 189 (1936).

## III.
## DISCUSSION

A.  **APPLICABLE LAW**

Claims filed under the Magnuson-Moss Warranty Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B); <u>Khachatryan v. BMW of N. Am., LLC</u>, Case No. 2:21-cv-

---

[1] Defendant argues Plaintiffs have failed to meet its burden to establish incidental and consequential damages will be awarded. Dkt. 99 at 4-5. Thus, Defendant maintains the total amount paid is $43,701.56.

[2] Both parties agree the applicable amount of miles to offset is 41,014. Dkt. 98 at 10; dkt. 99 at 6. The formula to calculate the mileage offset is: (number of miles driven prior to first repair attempt) / (120,000 miles) x (vehicle purchase price). Cal. Civ. Code § 1798.2(d)(2)(C). Because the parties have different positions with respect to the vehicle purchase price, their total mileage offset also varies. Plaintiffs maintain the mileage offset is $11,936.72. Dkt. 98 at 10. Defendant maintains the mileage offset is $11,724.88.

01290-PA-PDx, 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).  In calculating the applicable damages for claims brought under the Magnuson-Moss Warranty Act, courts look "to the applicable state law to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy." Romo v. FFG Ins. Co., 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005) (citing Kelly v. Fleetwood Enters., 377 F.3d 1034, 1039 (9th Cir. 2004)).

In California, the applicable state warranty law is the Song-Beverly Act.  Cal. Civ. Code § 1790, et seq.  Under Song-Beverly, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)-(C).  This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,0000.  Id. § 1793.2(d)(2)(C).

**B.   ANALYSIS**

Here, based on the proof submitted by both parties, Plaintiffs have not met their burden to establish it is more likely than not the amount in controversy exceeds $50,000.  Plaintiffs argue that, including the incidental and consequential damages, the amount in controversy is $50,277.62.  Dkt. 98 at 8-9.  However, it is undisputed that with the approximately $11,000 mileage offset, Plaintiffs fail to meet the amount in controversy requirement.  While Plaintiffs argue the mileage offset should not "automatically" be applied because Defendant has the burden to prove the offset, dkt. 98 at 9-10, Defendant has presented documentation to establish and calculate the mileage offset (41,014 miles).  See dkt. 99-1, Declaration of Siyun Yao, ¶¶ 4-6, Exs. 3, 4.  Notably, Plaintiffs fail to present any evidence or argument contradicting this evidence, and Plaintiffs agree with this applicable mileage.  See dkt. 98-1, Declaration of Russell Higgins, ¶ 7; dkt. 98 at 10.

As Defendant has provided evidence to establish the mileage offset and Plaintiffs do not contest this number, the Court finds Defendant has established by a preponderance of the evidence a mileage offset of approximately $11,000 applies.  See Cortez Martinez v. Ford Motor Co., No. 1:18-CV-01607-LJO-JLT, 2019 WL 1988398, at *4 (E.D. Cal. May 6, 2019) (citing Schneider v. Ford Motor Co., 756 Fed. Appx. 699, 701 (9th Cir. 2018) (unpublished)) ("The appellate court noted the district court's consideration of the use offset under the Song-Beverly Act to determine the jurisdictional amount in controversy was valid."); Lopez v. Kia Am., Inc., 693 F. Supp. 3d 1063, 1067-68 (C.D. Cal. 2023) (applying the mileage offset when calculating the amount in controversy).  Thus, even including Plaintiffs' proposed consequential and incidental damages, the amount in controversy totals only $38,340.90.[3]

///

///

///

---

[3] $50,277.62 (total purchase price) - $11,936.72 (Plaintiffs' calculated mileage offset) = $38,340.90.

Accordingly, Plaintiffs have failed to meet their burden to establish the amount in controversy meets the $50,000 jurisdictional requirement under the Magnuson-Moss Act. Therefore, this Court lacks subject-matter jurisdiction, and the matter is **DISMISSED**. Fed. R. Civ. P. 12(h)(3); Kokkonen, 511 U.S. at 377.

**IT IS SO ORDERED.**